CHERRY *v.* DICKERSON.

Opinion delivered April 23, 1917.

1. PLEADING AND PRACTICE—DISMISSAL OF CAUSE—EFFECT OF REINSTATEMENT—INNOCENT PURCHASER.—An action was brought to declare certain land subject to a resulting trust, but was dismissed. Thereafter order was made modifying the dismissal to determine the equities of persons not made parties; *held* the latter order was not such a reinstatement as to the original parties as to prejudice the rights of one who innocently purchased the land after the dismissal.

2. LIS PENDENS—NATURE OF.—The common law rule as to *lis pendens* is based upon the necessity to give effect to the court proceedings and to prevent an alienation of the property, and does not rest on the theory of notice.

3. LIS PENDENS—DISMISSAL AND REINSTATEMENT OF CAUSE.—After the dismissal or abandonment of an action, without express reservation,

the *lis pendens* does not continue as constructive notice so as to affect the rights of parties intervening between the dismissal or abandonment and the reinstatement or commencement of the action anew.

Appeal from Crawford Chancery Court; *W. A. Falconer,* Judge; reversed.

*Covington & Grant,* for appellant, Cherry.

1. The case was improperly reinstated. Kirby's Digest, § 4431; 59 Ark. 162; 85 *Id.* 385; Kirby's Dig., § 4433; 14 Cyc. 462-3.

2. There was no express trust in favor of Dickerson. Kirby's Dig., § 3666; 45 Ark. 483; 50 *Id.* 76; 110 *Id.* 393.

3. Nor was there a resulting trust. 29 Ark. 612; 30 *Id.* 230; 70 *Id.* 149; 50 *Id.* 71; 105 *Id.* 323; 101 *Id.* 451; 105 *Id.* 323; 79 *Id.* 425.

4. There was no trust *ex maleficio.* 92 Ark. 55; 84 *Id.* 192; 73 *Id.* 310.

*C. A. Starbird,* for appellant, Davis.

1. The court erred in reinstating the cause at a subsequent term. 10 Ark. 186, 191; 26 *Id.* 95; 92 *Id.* 388; 93 *Id.* 234.

2. The *lis pendens* was a part of the suit, and when the action was dismissed the *lis pendens* had spent its full force, and the reinstatement did not revive it. Kirby's Digest, § 3666.

3. There was no trust. 45 Ark. 481; 57 *Id.* 632; 50 *Id.* 71.

*Oglesby, Cravens & Oglesby,* for appellee.

1. The case was properly reinstated. The court reserved jurisdiction in its order of dismissal.

2. Appellee's claim was not within the statute of frauds and a trust was created. 79 Ark. 69; 81 *Id.* 478; 98 *Id.* 452; 101 *Id.* 451; 105 *Id.* 318; 104 *Id.* 303; Jones on Ev. (2 ed.), § 420-1. Both Cherry and Davis had notice. The statute as to *lis pendens* was fully complied with. Kirby's Digest, § 3666.

McCulloch, C. J.   The plaintiff, P. H. Dickerson, instituted this action in the chancery court of Crawford County, seeking to have the court declare a resulting trust in his favor in a quarter-section of land in that county, the title to which was then held by J. C. Davis, who was the sole defendant at the time the suit was originally instituted.   The land in controversy was originally owned by Fred Wassmer and his wife, Elizabeth, who conveyed the same on July 13, 1914, to W. M. James. James conveyed the land to defendant, J. C. Davis, by deed, executed November 14, 1914, reciting a consideration of $4,000, paid in cash, and the action against Davis was instituted by plaintiff on January 12, 1915. *Lis pendens* notice was properly filed and recorded in the office of the recorder of that county in accordance with the terms of the statute.   Kirby's Digest, § 5149, *et seq.*

The basis of plaintiff's claim of a resulting trust in his favor is that he furnished the consideration for the deed from the Wassmers to James pursuant to an agreement with James that he was to hold the title as trustee, and that James subsequently conveyed the land to Davis in violation of his trust, of which Davis is alleged to have had notice.   The facts upon which plaintiff claims the right to have a trust declared need not be discussed for the reason that the case is to be disposed of on other grounds.

On November 1, 1915, the chancery court entered an order dismissing plaintiff's action against Davis for want of prosecution, but four days later, during the same term, the court entered the following order:

"The order of dismissal herein rendered on November 1, 1915, is modified so as to reserve jurisdiction herein to determine what equities Fred Wassmer and Elizabeth have herein as against plaintiff Dickerson and defendant J. C. Davis.   A restraining order is directed to issue restraining Dickerson and Davis from conveying or encumbering the land herein until further orders of court."

The Wassmers had not been named in the complaint as parties to the suit, nor does the record show how they were brought in, except that an answer filed by them referred to the fact that they had been brought in by order of the court, and the answer disclaimed any interest in the litigation and asked to be discharged. On May 1, 1916, during a subsequent term of court plaintiff filed his motion to reinstate the cause and to make A. N. Cherry, who had in the meantime become the purchaser of the property from Davis, a party defendant; and on May 15, 1916, the motion was granted and an order was entered reinstating the cause and making Cherry a party. Cherry appeared and filed his answer on June 12, 1916, denying the allegations of the original complaint concerning the facts upon which the trust was sought to be declared, and setting up the fact that subsequent to the dismissal of the original action he had purchased the property in controversy from Davis without notice of any of the rights of the plaintiff and paid Davis a valuable consideration for the conveyance. The cause was heard by the court on oral evidence reduced to writing and made a part of the record, and the court rendered a decree in plaintiff's favor in accordance with the prayer of the complaint. Defendants Cherry and Davis have prosecuted an appeal to this court.

The evidence in the case shows that defendant Cherry purchased the land from Davis and paid a valuable consideration without actual notice of the pendency of the former action, and without actual notice of, or information concerning the claim of the plaintiff. His own testimony establishes that fact, and little, if any, effort was made by the plaintiff to show actual notice on the part of Cherry. Therefore, the only question involved on this appeal is whether or not the *lis pendens* notice filed during the former pendency of the action operated as constructive notice to Cherry, the subsequent purchaser, so as to bar his claim as an innocent purchaser.

(1) The order of the court entered November 1, 1915, dismissing the action for want of prosecution brought the action to an end, and the subsequent order during the term did not operate as a reinstatement. Notwithstanding that it modified the order of dismissal "so as to reserve jurisdiction herein to determine what equities Fred Wassmer and Elizabeth have herein as against plaintiff Dickerson and defendant J. C. Davis," there is, as before stated, nothing to show that the Wassmers had been properly made parties, but their answer shows that they disclaimed any interest in the litigation, and, without discussing the propriety of the court's order in holding the litigants in court for the purpose of determining the unasserted rights of the Wassmers, the order certainly did not have the effect of keeping the action alive so far as it related to the controversy between the plaintiff Dickerson and the defendant J. C. Davis. The order of reinstatement at a subsequent term of court operated merely as a commencement of a new action so far as Cherry was concerned. The former action having been completely ended, Cherry was not bound by any order of reinstatement unless he was brought in by process of the court.

(2) This brings us to a consideration of the effect upon Cherry of the *lis pendens* notice of the former action. The common law rule as to *lis pendens* was established to prevent alienation of property, and, while the pendency of the action was held as operative notice, that fact was not the basis of the rule.

"It is a misconception of the rule for the protection of suitors against *pendente lite* alienations of the property sued for," said the Kentucky court in the case of *Watson* v. *Wilson*, 2 Dana 407, "to suppose that it rests upon the principle, or upon any analogy to the principle, which protects the holder of an equity against the purchaser of the legal estate with notice. It is frequently said in the books that *lis pendens* is notice; but that is a

loose mode of expression, not warranted by the reason or spirit of the rule.''

An illuminating exposition of the rule is found in the case of *Newman* v. *Chapman,* 2 Randolph 402, cited by the Virginia Court of Appeals, where the law on the subject was stated as follows:

''The rule, as to the effect of *lis pendens,* is founded on the necessity of such rule, to give effect to the proceedings of a court of justice. Without it, every judgment and decree for specific property might be rendered abortive by successive alienations. This necessity is so obvious, that there is no occasion to resort to the presumption of notice of the pendency of the suit, to justify the rule. * * * This principle, however necessary, was harsh in its effects on purchasers, and was confined in its operation to the extent of the policy upon which it was founded; that is, to the giving full effect to the judgment or decree which might be rendered in the suit pending at the time of purchase. As a proof of this, if the suit was not prosecuted with effect, as if a suit at law was discontinued, or a suit in chancery dismissed for want of prosecution, or for any other cause not upon the merits, although the plaintiff might bring a new suit for the same cause, he must make him who purchased during the pendency of the former suit a party; and in this suit the purchaser would not be at all affected by the pendency of the former suit at the time of his purchase. If a *lis pendens* was notice, then it should bind the purchaser, like actual notice in any subsequent suit prosecuted for the same cause; but this it does not. English judges and writers have carelessly called it notice, because in the one single case of the suit prosecuted to judgment or decree it had the same effect upon the interest of a purchaser as notice had, though for a different reason. But the courts have not in any case given it the real effect of notice.''

(3) The authorities are practically in accord in holding that after the dismissal or abandonment of an action, without express reservation, the *lis pendens* does not continue as constructive notice so as to affect the rights of parties intervening between the dismissal or abandonment and the reinstatement or commencement of the action anew. 25 Cyc. 1470; *Hord* v. *Marshall,* 5 Dana (Ky.) 495; *Newman* v. *Chapman, supra; Whitfield* v. *Riddle,* 78 Ala. 99; *Davis* v. *Hall,* 90 Mo. 659; *Pipe* v. *Jordan,* 22 Col. 392; *Herrington* v. *McCollum,* 73 Ill. 476; *Ludlow* v. *Kidd,* 3 Ohio 541. The statute of this State on the subject of *lis pendens* notice is but declaratory of the common law, restricted to written notice of the pendency of the action which must be filed with the recorder of deeds. *Jones* v. *Ainell,* 123 Ark. 532.

It follows, therefore, that the court erred in enforcing a trust in favor of the plaintiff against defendant Cherry, who was an innocent purchaser of the property for value and without notice, either actual or constructive, of the alleged rights of the plaintiff.

The decree is reversed and the cause remanded with directions to dismiss the complaint for want of equity.