**HEXTER et al. v. PRATT et al.** · (No. 9484.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1926. Rehearing Denied May 1, 1926.)

**1. Lis pendens** ⊚⟞26(1)—**Filing of lis pendens does not prevent conveyances pending determination or make them void (Rev. St. 1925, arts. 6640–6643a).**

Filing of lis pendens, under Rev. St. 1925, arts. 6640–6643a, does not prevent or make void conveyance during pendency of suit, but purchaser acquires the interest that may remain in grantor after final adjudication.

**2. Lis pendens** ⊚⟞22(2).

Filing and recording lis pendens, as required by Rev. St. 1925, arts. 6640–6643a, is not constructive notice, but merely directs intending purchasers to pleadings and record for facts.

**3. Lis pendens** ⊚⟞18.

Mere pendency of action does not as at common law charge intending purchasers with no-

tice, compliance with Rev. St. 1925, art. 6640, being necessary to that end.

**4. Lis pendens** ⊚⟞11(1).

Dismissal of suit in which lis pendens was filed *held* effective to terminate legal operation of lis pendens as notice of litigant's claims.

**5. Lis pendens** ⊚⟞11(1)—**Creditor of record holder of title taking trust deed after dismissal of action in which lis pendens was filed held not prejudiced by subsequent reinstatement of action, his lien depending on absence of actual notice of facts.**

Creditor of record holder of title, taking trust deed after dismissal of suit in which lis pendens was filed, is not prejudiced by reinstatement of cause, since the validity of his lien in any event depends on actual notice of facts constituting the claim of title asserted in such suit.

**6. Notice** ⊚⟞2.

Actual notice exists when knowledge is actually brought home by any means to party affected, or where by reasonable diligence he might have informed himself.

**7. Lis pendens** ⊚⟞11(1)—**Abstract showing lis pendens, reciting facts of claim that record holder was mere trustee, held to charge subsequent lienholder with actual notice of facts which reasonable investigation would have disclosed notwithstanding suit had been dismissed (Rev. St. 1925, art. 6640).**

Notwithstanding dismissal of suit, abstract showing lis pendens, filed pursuant to Rev. St. 1925, art. 6640, reciting facts showing record owner held property as his trustee, was sufficient to charge creditor of trustee taking trust deed with knowledge of facts which reasonable investigation would have disclosed.

**8. Notice** ⊚⟞2.

Actual notice, which is always a question of fact, is as effective as constructive notice, which is uncontrovertible presumption of law.

**9. Attorney and client** ⊚⟞104—**Client is chargeable with notice of facts coming to attorney's knowledge in course of examination of abstract.**

Client is chargeable with notice of all facts coming within knowledge of attorney within scope of employment in examining abstract, whether he made investigation or not.

Error from District Court, Dallas County; T. A. Work, Judge.

Suit to foreclose a deed of trust by J. K. Hexter and another against Tennie L. Pratt and Clarence E. Pratt, consolidated for trial with two other suits, one in trespass on the case by Mrs. Tennie L. Pratt against Clarence E. Pratt, and one to recover title and possession of certain lands by Clarence E. Pratt against Mrs. Tennie L. Pratt. From an adverse judgment in favor of Clarence E. Pratt, plaintiffs in the first entitled action appeal through writ of error. Affirmed.

---

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Louis J. Hexter, Victor H. Hexter, and Etheridge, McCormick & Bromberg, all of Dallas, for plaintiffs in error.

Claude C. Westerfeld and J. J. Eckford, both of Dallas, for defendants in error.

VAUGHAN, J. This is an appeal prosecuted through writ of error by J. K. Hexter and M. C. Levi, plaintiffs in error, against Clarence E. Pratt and Mrs. Tennie L. Pratt, defendants in error, from an adverse judgment rendered June 10, 1924, refusing to foreclose an asserted deed of trust lien on certain real estate alleged to have been executed to secure the payment of the indebtedness for which judgment was rendered in favor of J. K. Hexter, one of the plaintiffs in error, against Mrs. Tennie L. Pratt, one of the defendants in error, for the sum of $6,003.54. The trial was before the court without the intervention of a jury.

For a proper understanding of the interests involved in and the attitude of the parties to the litigation in which the judgment appealed from was rendered, it is advisable, by way of introduction, to give a brief history in chronological order of the proceedings had in the three suits that were consolidated in the trial court:

On the 5th day of May, 1915, Mrs. Tennie L. Pratt filed her suit against C. E. Pratt in the Sixty-Eighth district court of Dallas county, numbered 19797C, in the form of an action of trespass to try title to recover a certain lot situated in the city and county of Dallas, and which will be designated in this opinion as lot A.

On the 15th day of May, 1915, the defendant in that suit filed his original answer, cross-action, and motion to dissolve the temporary writ of injunction that had been granted on the application of the plaintiff therein, and, at the same time, filed for record his lis pendens, in which the character of his claim of title to said lot was alleged as will be revealed later.

On the 15th day of May, 1915, C. E. Pratt filed his suit No. 19897A against Mrs. Tennie L. Pratt, in the Fourteenth district court of Dallas county, to recover title to and possession of three certain tracts of land located in the city and county of Dallas, Tex., described by appropriate field notes in the petition in said cause, which lots will hereinafter be designated as lots B, C, and D. It was alleged in said petition that said lots B, C, and D were purchased by said C. E. Pratt and paid for with his own private funds, receiving proper deed of conveyance to said lots, respectively, as same were purchased, whereby he became the fee-simple owner of and entitled to the possession of said lots; that at the time he purchased the lots he had the deeds conveying same executed to his mother, the said Mrs. Tennie L. Pratt, for temporary purposes, placing the title to said lots in her name, in trust, however, for his use and benefit. On the 15th day of May, 1915, said C. E. Pratt filed for record his lis pendens as to said three lots. On the 29th day of May, 1915, Mrs. Tennie L. Pratt filed her original answer. On June 18, 1915, an order was entered by the judge of the Sixty-Eighth district court transferring cause No. 19797C, Tennie L. Pratt v. C. E. Pratt, from the Sixty-Eighth district court to the Fourteenth district court, which was consolidated with cause No. 19897A then pending in said Fourteenth district court.

On the 3d day of June, 1918, said C. E. Pratt filed his second amended original petition in consolidated cause No. 19897A, C. E. Pratt v. Tennie L. Pratt, pending in the Fourteenth district court, asserting title to the four lots, A, B, C, and D, alleging facts showing that he purchased and paid for said lots, respectively, with his individual means, and that he thereby acquired the actual title to said lots through the deeds executed by his vendor's conveying said lots to his mother, Mrs. Tennie L. Pratt, in trust for his use and benefit.

On the 1st day of January, 1916, Mrs. Tennie L. Pratt filed her second amended original answer and cross-action in said cause No. 19897A, claiming title in her own right to said four lots on the ground that she purchased and paid for them with her own means, and, further, that she had acquired title thereto by the statute of five years' limitation.

On the 2d day of July, 1919, an order was entered by Hon. Chas. A. Pippen, then and now a judge of one of the Criminal District Courts of Dallas county, dismissing said causes Nos. 19897A and 19797C from the docket of the district court of the Fourteenth district for want of prosecution. The order dismissing said cause containing the following recitation:

"Clarence E. Pratt (No. 19897A) v. Mrs. Tennie L. Pratt. On this the 28th day of July, this cause came on to be heard, and, it appearing that heretofore on the 18th day of June, 1915, cause No. 19797C/A, styled Mrs. Tennie L. Pratt v. Clarence E. Pratt, was transferred to this court and said cause consolidated with the above-entitled cause. * * *"

—from which we assume that said cause had been properly consolidated.

On the 4th day of November, 1920, said C. E. Pratt filed his motion in said consolidated cause No. 19897A to set aside the order of dismissal, and to reinstate said cause on the docket of the court. Under the view we take of this case, it is not necessary to discuss the grounds contained in said motion, therefore same will not be here presented; it being sufficient to say that, in our judgment, same was sufficient to justify the court in making and entering the order on the 16th day of November, 1920, setting aside the order dismissing said cause and reinstating same on the docket of the court for trial as though the

order dismissing same. had never been entered.

On the 17th day of January, 1922, plaintiffs in error, J. K. Hexter and M. C. Levi, filed their original petition in the Sixty-Eighth district court of Dallas county against defendants in error Tennie L. Pratt and C. E. Pratt, being cause No. 41643C on the docket of said court, to recover on a note in the sum of $4,000 alleged to have been executed by Mrs. Tennie L. Pratt, payable to J. K. Hexter, of date November 19, 1919, and due three years after date, and to foreclose a deed of trust lien on the four lots involved in this appeal; it being alleged that the lien so sought to be enforced and foreclosed was created and existed by virtue of a certain deed of trust executed by the said Mrs. Tennie L. Pratt to said M. C. Levi as· trustee, for the use and benefit of the said J. K. Hexter, to secure the payment of the above mentioned note.

On the 4th day of December, 1923, C. E. Pratt filed his first amended original answer in said cause No. 41643C, presenting several pleas, of which it is only necessary to notice the plea alleging the facts showing that he was the owner of the four lots on which plaintiffs sought to foreclose deed of trust lien in said suit, having purchased and paid the consideration for each one of said lots out of his own means and funds; that through the deeds executed to the said Mrs. Tennie L. Pratt conveying said lots he acquired the actual title to said lots, as same had been conveyed to her in trust for his use and benefit, and that before and at the time of execution of the deed of trust by Mrs. Tennie L. Pratt, under which the deed of trust lien is alleged to exist and sought to be foreclosed, the said J. K. Hexter had actual notice of said defendant's claim of title to said lots, or of facts sufficient to put a reasonably prudent person upon inquiry, and that if he had pursued same he would have discovered that said C. E. Pratt was the owner of said lots. Therefore he is not an innocent lienholder for value, and not entitled to foreclose any lien on said lots, or any part thereof.

In reply to this answer, plaintiff in error Hexter claimed that he was a lien creditor for value and without notice of the claim of title asserted by the said C. E. Pratt; that said lots had been conveyed to Mrs. Tennie L. Pratt by proper deeds of conveyance that were at the time, and long prior to the execution of the deed of trust by the said Tennie L. Pratt, of record showing the record title to be vested in the said Tennie L. Pratt, and that he neither had constructive nor actual notice of the claim of title now asserted by the said C. E. Pratt to said lots.

C. E. Pratt further urged the invalidity of said deed of trust lien on the ground that whatever rights plaintiff in error Hexter acquired were those of a lis pendens creditor, in that said deed of trust was executed after the institution and during the pendency of said suits Nos. 19797C and 19897A, as the order dismissing same was void.

Plaintiffs in error contend in reply to this plea' that the suits had been properly dismissed and the effect of the lis pendens thereby destroyed, as same was not in force and effect from and after the date of the order of dismissal. Further, that said lis pendens could have no effect to convey actual notice of the claim of title asserted by defendant in error C. E. Pratt, as same ceased to be notice of any·character from and after the date of said order.

In reference to the issue thus presented relative to said lis pendens, same will be dismissed without further consideration, in view of the fact that the disposition we make of this appeal does not depend upon the determination of the validity of the lis pendens or of the order dismissing said cause. On May 31, 1923, consolidated cause No. 19897A/C was transferred from the Fourteenth district court to the Sixty-Eighth district court of Dallas county. On the 9th day .of June, 1923, an order was entered by the judge of the Sixty-Eighth district court of Dallas county consolidating cause No. 19897A/C (Clarence E. Pratt v. Tennie L. Pratt et al.) with cause No. 41643C (J. K. Hexter et al. v. Mrs. Tennie L. Pratt et al.), and, as consolidated, to be docketed in said court under the name and style of said cause No. 41643C. It was on the trial of the causes thus consolidated that the judgment appealed from was rendered.

We think it unnecessary to discuss but one of the many questions presented by the assignments of error, to wit, whether or not plaintiff in error Hexter, before and at the time of the execution of the deed of trust in question, had actual knowledge of the existence of the facts constituting the claim of title asserted by C. E. Pratt to the lots on which foreclosure of lien is sought, or knowledge of such facts in reference to such claim sufficient to put a reasonably prudent man upon inquiry, which, if pursued, would have disclosed to him the existence of said claim of title asserted by the said Pratt to said lots. The trial court found that plaintiff in error Hexter had actual notice of the claim of title of C. E. Pratt to said lots before and at the time said note and deed of trust were executed.

No question is raised as to that part of the judgment in favor of C. E. Pratt against Mrs. Tennie L. Pratt for the title to and possession of the four lots, and, indeed, no other judgment could have properly been rendered, as the evidence established beyond the peradventure of a doubt that said lots were purchased by said C. E. Pratt and paid for with his individual funds; that the deeds to said lots were executed to Mrs. Tennie L. Pratt for the purpose of conveying the legal title to

said. lots to her for the use and benefit of said Pratt; and that she held the legal title to said lots in trust for his use and benefit. The objection urged to said judgment is that, notwithstanding the judgment in favor of said Pratt, the deed of trust lien asserted by plaintiff in error Hexter should have been foreclosed on said lots, in that the title under which the said Pratt recovered the lots was burdened with said lien, and his recovery should have been subject thereto. In order to sustain this contention, it would be necessary to hold that actual knowledge of the facts constituting C. E. Pratt's claim of title to said lots could not be communicated to or acquired by one having knowledge in fact of the contents of the lis pendens, although the contents of same were sufficient to constitute actual notice of his claim of title to one informed thereof, because same, on account of the dismissal of the suits in which filed, had ceased to have the effect of a lis pendens. Under the rule at common law, all parties dealing with land involved in a suit while pending, that is; from the time of the service of process after the institution of the suit until the entry of final judgment, were charged with notice of the rights of litigants, and, in the purchase of the land, acquired only such title as would remain in his vendor at the termination of the suit. It mattered not that the purchaser did not have actual knowledge of the pendency of the suit or of the facts constituting the claim of title asserted thereto by either party, as it was the effect of the control of the court over the property involved in the suit that operated upon and determined the rights of one purchasing property pendente lite. Newman v. Chapman, 2 Rand. (Va.) 93, 14 Am. Dec. 766; Houston v. Timmerman, 17 Or. 499, 21 P. 1037, 4 L. R. A. 716, 11 Am. St. Rep. 848.

[1, 2] To ameliorate the harshness of this rule, the Legislature, in 1905, passed the act, now articles 6640 to 6643A, inclusive, Revised Civil Statutes of Texas 1925, the material change effected in the common law thereby being in the following particulars: The filing of a notice during the pendency of a suit or action involving the title to real estate, etc., with the county clerk of each county where such real estate, or any part thereof, is situated; what such notice shall contain and for the recording of same by the county clerk in a book to be styled "Lis Pendens Record;" and for the making of a direct and reverse index of same, and declaring that such notice shall not be deemed constructive notice but merely a memorandum that shall refer all intending purchasers and incumbrancers to an examination of the court records and pleadings to determine whether there is in fact a lis pendens concerning the real estate in question. As it was at common law, so it is now under our statute, to wit, the lis pendens does not operate to prevent or make void a conveyance by either of

the parties to a suit of the property involved during the pendency of the suit, the purchaser acquiring the interest that may remain in his grantor after final adjudication of the suit. W. J. Roseborough v. Ellen Cook et al., 108 Tex. 364, 194 S. W. 131. By the express provisions of article 6642, supra, a party to a pending suit, in which lis pendens has not been filed and recorded, involving the title to real estate, may, as against a subsequent judgment for the adverse party, effectively transfer or incumber the interest claimed by him therein to a third party for a valuable consideration, provided such purchaser was without other notice, actual or constructive, of the facts constituting the claim of title of such adverse party. The effect of the filing of the lis pendens and recording same as required by articles 6640, 6641, supra, is not that of constructive notice, but merely to direct all parties desiring to deal with the property involved, either as purchaser or incumbrancer, to the pleadings filed and pending in the cause and the record of proceedings had therein, for the purpose of becoming advised as to the facts constituting the claims of the respective parties to such litigation concerning the real estate in question. Article 6643, supra.

[3] At common law the operation of the rule of lis pendens did not alter or modify, and certainly did not supplant, the law of actual notice as the same was recognized and enforced by courts of equity before the rule of lis pendens was invoked, or in any respect impinge upon the effect of actual knowledge of the existence of facts constituting the claim of title to or interest in property by another. Winston v. Westfeldt, 22 Ala. 760, 58 Am. Dec. 278. The common law having been adopted by the Legislature of this state, the pendency of the suits, but for our lis pendens statute, would have been sufficient; however, the common-law rule has been supplanted by the above statute, and the mere pendency of the suits was not sufficient to invoke the rule of lis pendens, it being necessary for that purpose that the requirements of article 6640, supra, be complied with, the effect of which would be to give to the pendency of the suit the operation of the rule of lis pendens as at common law. Roseborough v. Cook, supra; Cherry v. Dickerson, 128 Ark. 572, 194 S. W. 691. While the statutes of this state practically abrogate the common-law rule of lis pendens, yet, the effect of said rule is practically adopted, only restricting the effect of same to written notice required to be filed with the county clerk for record, etc., and providing what such written notice shall contain. Article 6640, supra; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719. From this it is clearly to be gathered that it was not within the legislative mind, in passing said lis pendens statute, to in any respect provide that knowledge of facts constituting a claim of title to proper-

ty contained in a lis pendens could not be the means of conveying actual notice to one acquiring information only through the contents of such lis pendens, in that the information therein contained could not have any other effect than as a lis pendens, although known to the party sought to be charged with actual notice of the facts disclosed thereby.

[4] As to the effect that should be given the reinstatement of the case, same should be treated as though a new suit had been filed based on the same cause of action as that involved in the suit dismissed, including as additional parties plaintiffs in error. After the consolidated cause had been reinstated, plaintiff in error C. E. Pratt filed his fifth amended original petition on December 4, 1923, against Mrs. Tennie L. Pratt, making by said amendment plaintiffs in error parties defendant. They were, therefore, before the trial court in the same attitude as if the dismissed cause had not been reinstated, but a new suit filed based upon the identical cause of action as that involved in the dismissed cause, without their rights being in any respect burdened or impaired by the proceedings had in the consolidated cause from the origin of the cases as consolidated up to the dismissal of same.

We will now pause for the purpose of discussing the effect of the orders dismissing and reinstating the consolidated cause in the strongest light in favor of plaintiff in error. It may be assumed, and we think correctly so, that the judgment entered on the 28th day of July, 1919, dismissing the consolidated cause, was properly entered, and terminated the litigation in so far as destroying the effect of the lis pendens that had been filed by plaintiff in error C. E. Pratt before same were consolidated. Cherry v. Dickerson, supra. The dismissal of the consolidated cause had the effect to terminate the legal operation of the lis pendens and to free the restraint upon the running of the statute of limitation as between the original parties to said suits that had been created by the filing of the original suit and cross-action by said C. E. Pratt against Mrs. Tennie L. Pratt.

[5] Therefore it must be apparent that there does not exist any ground for just complaint on account of the order restoring to the docket of the trial court the consolidated cause, in that plaintiffs in error were not deprived of any right of action against Mrs. Tennie L. Pratt based upon the note and deed of trust that she executed, or any ground of defense to the cause of action asserted by C. E. Pratt against the said Tennie L. Pratt and plaintiffs in error. For, whether the litigation between the parties had been conducted through the institution of a new suit or, as it was, upon the original consolidated cause after reinstatement, the rights and remedies of the parties remained the same, and the same question of actual notice of the facts constituting the claim of title of plain-

283 S.W.—42

tiff in error C. E. Pratt on which this appeal is determined would have been without change in fact or in law. Cherry v. Dickerson, supra. The question is, whether or not plaintiff in error Hexter had actual notice of the facts constituting the claim of title asserted by C. E. Pratt to the lots in question prior to and at the time Mrs. Tennie L. Pratt executed the note and deed of trust in question. If he had such notice from any source, then he was not an incumbrancer on the lots without notice, although for value. The trial court found that he had such actual notice. Is this finding sustained by the record?

The proceedings in reference to the filing of the original suits, cross-actions therein, orders transferring causes and orders consolidating causes, the order dismissing and the order reinstating the consolidated cause, were had on the dates and in the manner as herein stated. The order dismissing the consolidated cause was entered on the 28th day of July, 1919; the note declared on and the deed of trust sought to be enforced and foreclosed bear date November 19, 1919, the deed of trust being acknowledged on the 21st day of November, 1919, on which date said loan transaction was finally closed, 3 months and 24 days after the date of the order of dismissal. As to the lot involved in cause No. 19797C, herein designated as lot A, a lis pendens was duly filed by said C. E. Pratt with the county clerk of the county court of Dallas county and recorded on the 15th day of May, 1915; said notice, in addition to containing the number and style of said cause, the court in which same was pending, the names of the parties, the kind of suit and description of land to be affected by said notice, contains the following:

"Reference is hereby made to the above styled suit and the pleadings filed therein for complete understanding of the allegations set forth therein and the claims of the parties to said suit affecting the title to said property."

As to the three lots involved in said cause No. 19897A, herein designated as lots B, C, and D, a lis pendens was filed as to said lots by said C. E. Pratt with the county clerk of Dallas county, Tex., and recorded on the 15th day of May, 1915, in the lis pendens record of said county; that, in addition to setting forth the number and style of said cause No. 19897A, the court in which pending, the names of the parties thereto, the kind of suit and description of the land affected thereby, same contained the following:

"Plaintiff also pleads in said suit that all of said property was bought with his money and funds, and that he is the owner in fee thereof, but that the same was placed in the name of his mother, Mrs. Tennie L. Pratt, in trust, for his use and benefit, to which said suit and the allegations set forth in plaintiff's petition reference is hereby made for an understanding of the matters set forth therein."

On the 3d day of June, 1918, C. E. Pratt filed his second amended original petition in said consolidated cause (being cause No. 19797C; Mrs. Tennie L. Pratt v. C. E. Pratt, and No. 19897A, C. E. Pratt v. Mrs. Tennie L. Pratt), in which he described by proper field notes the four tracts of land involved in this suit, and in reference to which said lis pendens were filed, and alleged that he purchased said lots through his mother; that he paid the purchase price for same; that said lots were bought for his use and benefit and to become his property; that the deeds conveying same were executed to Mrs. Tennie L. Pratt for his use and benefit, giving the date of the purchase of each tract of land and date of the deed conveying same; "that at the time of the purchase of each of the foregoing tracts of land he had the same, for temporary purposes, placed in the name of his mother, the defendant, with her full knowledge and consent and approval, in trust for his use and benefit to be at his convenience and option conveyed to him or to whomsoever he might designate; and, having requested the defendant to convey the same to him and she having refused to do so, he now brings this suit to compel a compliance with his rights in the premises, and that the title in and to said property be divested out of the defendant and vested in this plaintiff."

In the negotiations between Mrs. Tennie L. Pratt and plaintiff in error Hexter leading up to the execution of the note and deed of trust involved herein, Mrs. Pratt furnished to Hexter an abstract of title to each of the four lots involved several days before said note and deed of trust were executed; that the abstract to lot A contained, in full, the lis pendens herein first referred to, the date of the filing of said cause No. 19797C, the transfer of said cause on the 5th day of May, 1915, to the Fourteenth judicial district court, the consolidation of said causes Nos. 19797C and 19897A in said Fourteenth district court, the order of date July 28, 1919, dismissing said consolidated cause. The other three abstracts to lots B, C, and D each contained a copy of the lis pendens filed in reference to the lots involved in cause No. 19897A, a proper description by field notes of said lots, and, in addition thereto, a brief reference to all of the proceedings and orders had and entered in said causes as contained in the abstract to lot A above set out; that the property on which deed of trust lien is sought to be foreclosed is the same property described in said lis pendens and in the pleadings filed in said causes Nos. 19797C and 19897A and in said causes as consolidated.

Said abstracts were delivered to plaintiff in error Hexter and were by him delivered to his attorney, Victor H. Hexter, who examined each of said abstracts, and, on the 22d day of November, 1919, reported the result of his examination in writing to plaintiff in error Hexter. Said attorney was advised of the contents of said abstracts, including the court proceedings between the Pratts as herein set out. Notwithstanding said order of dismissal was entered on the 28th day of July, 1919, and said abstracts were so examined on November 22, 1919, no effort was made by said attorney to become advised in reference to the facts constituting the claim of C. E. Pratt, in reference to which full information could have been obtained by said attorney, or by the plaintiff in error Hexter, had the information furnished by said abstracts been pursued. Knowledge of the facts recited in said lis pendens was sufficient to put a reasonably prudent person on notice that said C. E. Pratt claimed an interest in said property and the character of his claim thereto, prior to the execution of said note and deed of trust.

[6, 7] We are therefore of the opinion that plaintiff in error Hexter is not an innocent purchaser for value, in that he had notice of such facts, and that, regardless of whether, at the time of said loan transaction, any suit had been instituted by C. E. Pratt asserting his title and interest in and to said property. This conclusion is based upon the application of the well recognized rule, to wit:

"Actual notice exists when knowledge is actually brought home to the party to be affected by it, or where he might, by the use of reasonable diligence, have informed himself of the existence of certain facts." College Park Elec. Belt Line v. Ide, 15 Tex. Civ. App. 273, 40 S. W. 64.

The facts recited in the lis pendens were undoubtedly sufficient to put a reasonably prudent person on inquiry, and of such character that, if such inquiry had been pursued, plaintiff in error Hexter might have ascertained, by the exercise of proper diligence, a knowledge of all the facts constituting C. E. Pratt's claim of title to said lots. College Park, etc., v. Ide, supra; M., K. & T. Ry. Co. of Tex. v. Wood (Tex. Civ. App.) 152 S. W. 487.

[8] The record in this case does not show constructive notice to plaintiff in error Hexter of the facts constituting the claim of title of C. E. Pratt to the lots, but does show that he had actual notice of such facts, which knowledge is as effective as constructive notice, the distinction being, not in the ultimate result accomplished by either actual or constructive notice, but in that constructive notice is a presumption of the law not permitted to be controverted, while actual notice is always a question of fact to be determined by the court or jury trying the case.

[9] It was the duty of plaintiff in error Hexter, in person or through his attorney, employed for that purpose in examining the abstracts of title, to have made the inquiry that the contents of the lis pendens necessarily suggested should be made, which would have, if pursued, led to the knowledge of the

facts upon which the claim of title of C. E. Pratt to the lots in question rested. Actual knowledge was brought home to plaintiff in error Hexter when the abstracts were delivered to him for examination containing the needed information concerning the claim of said Pratt, and, if not, then certainly was brought home to him when his attorney, in the examination of the abstracts, discovered the existence of facts sufficient to put a reasonably prudent person on inquiry, which inquiry it became his duty to make, and which, if made, would have led to a discovery in detail of the facts constituting said Pratt's claim of title. Plaintiff in error Hexter was chargeable with notice of all the facts that came within the knowledge of his attorney acting as his agent within the scope of his agency in the examination of said abstracts of title (Kauffman & Runge v. Robey, 60 Tex. 309, 48 Am. Rep. 264; Fordtran v. Cunningham [Tex. Civ. App.] 141 S. W. 562), and this, whether he made the investigation or not, because, if same had been made, he would have discovered such claim of title on the part of C. E. Pratt in pursuing such inquiry under the guidance of the facts revealed to him by said abstracts of title (Cartwright v. La Brie [Tex. Civ. App.] 144 S. W. 725; College Park, etc., v. Ide, supra).

When the order of dismissal was entered, same did not determine on the merits any of the issues involved in the consolidated cause, but left the legal rights asserted by the parties thereto, either as a cause of action or as a defense, undisturbed and unimpaired, either to be restored by reinstatement of the dismissed cause or the institution of a new and independent suit, or, on refusal of a motion to reinstate, the right to appeal therefrom within six months from the date of the order of dismissal by writ of error. Notwithstanding this position of the parties as to their rights, plaintiff in error Hexter assumed to deal with Mrs. Tennie L. Pratt as if the property rights asserted by the litigants to the dismissed cause had been finally adjudicated on the merits, without an effort to make that inquiry that an ordinarily prudent person in the use of reasonable diligence should have made.

We therefore hold that, although the lis pendens filed by C. E. Pratt had by reason of the dismissal of the consolidated suit ceased to be of effect as a lis pendens, as against the rights of plaintiff in error Hexter acquired in the lots after said order of dismissal had been entered and before said cause was reinstated, knowledge of the contents of said lis pendens and the other recitals of fact in said abstracts was sufficient to constitute actual notice of the existence of the facts constituting C. E. Pratt's claim of title to said lots and upon which he recovered the title and possession thereto.

Although the other assignments of error

have been carefully considered, same will not be discussed, having ceased to be of any virtue by reason of the disposition made of this appeal solely upon the question of actual notice.

The record not disclosing any material error, the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.