NO. 07-06-0157-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
______________________________

RANCHO LA VALENCIA, INC. AND CHARLES R. “RANDY” TURNER, APPELLANTS

V.

AQUAPLEX, INC. AND JAMES EDWARD JONES, JR., APPELLEES
_________________________________

FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY;

NO. GN 03-004287; HONORABLE SUZANNE COVINGTON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON MOTION FOR REHEARING
          By an opinion dated November 2, 2007, this Court reversed the trial court’s
judgment and rendered judgment that appellees take nothing by their claims. Appellees
have filed a motion for rehearing contending that the one recovery rule does not preclude
this Court from awarding recovery based on breach of the joint venture agreement (JVA). 
To the extent that appellees are referencing that portion of the trial court’s judgment
granting declaratory relief and a permanent injunction, they are correct that we should
address those issues. However, we disagree with appellees’ contention that we should
revisit the issue of damages for breach of the JVA after appellees made a clear and
unequivocal election to pursue damages based on fraud in connection with the
memorandum settlement agreement (MSA). See Birchfield v. Texarkana Mem’l Hosp.,
747 S.W.2d 361, 367 (Tex. 1987). Having elected a judgment for damages on the MSA
fraud allegations, appellees effectively waived the jury’s damage findings pursuant to the
JVA. Kish v. Van Note, 692 S.W.2d 463, 466-67 (Tex. 1985). Further, even were we able
to review appellees’ claims of damages related to appellants’ breach of the JVA, the
evidence of damages is the same that we previously held to be legally insufficient evidence
of damages based on appellees’ MSA fraud allegations.
Declaratory Relief
          In addressing the issues of the declaratory relief, the first matter to be considered
is the basis for the relief requested. A review of appellees’ live pleadings reveals that the
declaratory relief request is grounded on the execution by appellant, Rancho La Valencia
(Rancho) of an assignment in favor of its lender, OmniBank. Appellees sought a
declaration that this assignment was a complete assignment that had matured and that
assigned all of Rancho’s interest in the joint venture. According to appellees, the jury’s
answer to question No. 15, finding that Rancho had assigned its interest in the joint venture
to OmniBank, requires this result. However, when, as in this case, there is no allegation
that the assignment is ambiguous, the construction of the language in the assignment is
a question of law. DeWitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999). 
As a result, we are not bound by the jury’s finding and may disregard it as immaterial
because it purports to answer a question of law, the legal interpretation of the assignment,
that is beyond the province of the jury. Spencer v. Eagle Star Ins. Co., 876 S.W.2d 154,
157 (Tex. 1994). Our de novo construction of the assignment is guided by the fact that the
construction of an assignment is governed by the same rules of construction as any
contract. Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc., 192
S.W.3d 827, 832 (Tex.App.–Fort Worth 2006, no pet.). The goal is to ascertain the intent
of the parties. Id. To harmonize a construction with the intent of the parties, we are
required to construe the assignment as a whole and to give effect to all provisions so that
none are rendered meaningless. Id. at 832-33. 
          A complete review of the assignment in question leads us to conclude that it was
intended to be a collateral assignment and that it would not require the lender to step into
the shoes of Rancho nor to undertake any of Rancho’s obligations pursuant to the JVA. 
Upon default, the collateral assignment authorized the lender, at the lender’s option, to
receive future distributions that would otherwise go to Rancho. Appellants allege, even
were we to accept appellees’ legal interpretation of the assignment, there is legally
insufficient evidence to establish that Rancho’s actions effectuated an assignment of its
interest in the JVA.


 The express language of the assignment gave OmniBank the right
to take certain actions upon default. However, there was no evidence admitted to establish
that OmniBank elected to exercise any of the rights it obtained upon Rancho’s default. We
have reviewed the record and do not find testimony from any OmniBank representative
that, after default on the loan by Rancho, the bank took any of the steps allowed under the
assignment that would have finalized the assignment, as urged by appellees. Accordingly,
the evidence was legally insufficient to support a finding that Rancho had assigned its
interest in the joint venture by virtue of its collateral assignment to OmniBank. See City of
Keller v. Wilson, 168 S.W.3d 802, 808-09 (Tex. 2005). Therefore, based upon our
construction of the assignment contract and the record before us, we find that the
assignment from Rancho to OmniBank did not operate to assign Rancho’s rights under the
JVA to OmniBank. 
          The trial court further found that, as a result of execution of the MSA and the
operation of paragraphs 5.2(j) and 5.9 of the JVA, appellants had forfeited their rights to
any interest, legal or equitable, in the joint venture. The trial court’s entry of a judgment
declaring a forfeiture based upon its construction of a contractual provision, when there are
no allegations that the contract is ambiguous, is a question of law and will be reviewed de
novo. DeWitt County Elec. Coop., Inc., 1 S.W.3d at 100. A review of the documents
referenced by the trial court’s judgment, the MSA and JVA, fails to disclose any forfeiture
provisions. Specifically, neither paragraph 5.2(j) nor 5.9 of the JVA authorizes the
forfeiture of a joint venturer’s interest based on a breach of these provisions. Rather, the
contractual remedy provided for breach of the JVA is located in Article VII of the agreement
and allows for dissolution, liquidation, or termination of the joint venture. Nothing in the
record indicates that the relief granted by the judgment is predicated upon appellees’
election to proceed under this Article of the agreement nor does this Article authorize a
forfeiture of a joint venturer’s interest in the joint venture. Accordingly, it appears that the
trial court acted without authority or guiding principles and, therefore, abused its discretion. 
Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). Therefore, we
reverse that portion of the trial court’s judgment declaring that appellants held no interest
in the joint venture.
Lis Pendens
          The judgment of the trial court declares that the notice of lis pendens is cancelled,
declared void, and of no further force and effect. However, the record before us reveals
that the notice of lis pendens was filed in connection with the adversary proceeding in the
bankruptcy case. The record further reveals that the bankruptcy was dismissed by order
of the Bankruptcy Court and the matter was remanded to state court on October 17, 2005. 
Inasmuch as the notice of lis pendens was filed in connection with an adversarial
proceeding in Bankruptcy Court, the order of dismissal of the bankruptcy proceeding
cancelled the notice. See Hexter v. Pratt, 283 S.W. 653, 656 (Tex.Civ.App.–Dallas 1926),
aff’d, 10 S.W.2d 692 (Tex. 1928). Therefore, the declaration of the trial court’s judgment
regarding the notice of lis pendens was moot and the relief requested was unnecessary. 
Injunctive Relief
          Finally, the judgment purports to grant injunctive relief based upon the fact that
appellees have prevailed on the merits. However, having rendered judgment that
appellees take nothing by their claim, the injunctive relief can no longer stand. To recover
an injunction, the proponent must show 1) the existence of a wrongful act; 2) the existence
of imminent harm; 3) the existence of irreparable injury; and 4) the absence of an adequate
remedy at law. Priest v. Tex. Animal Health Comm’n, 780 S.W.2d 874, 875
(Tex.App.–Dallas 1989, no writ). The current status of the case precludes the trial court
from granting appellees injunctive relief by the very terms of the trial court’s judgment. 
Accordingly, we reverse the trial court’s grant of injunctive relief.
Conclusion
          The motion for rehearing filed by appellees is in all things denied.
 
                                                                           Mackey K. Hancock

                                                                                     Justice