NO. 07-06-0157-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
_____

RANCHO LA VALENCIA, INC. AND CHARLES R. "RANDY" TURNER, APPELLANTS

V.

AQUAPLEX, INC. AND JAMES EDWARD JONES, JR., APPELLEES
_____

FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY;

NO. GN 03-004287; HONORABLE SUZANNE COVINGTON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON MOTION FOR REHEARING**

By an opinion dated November 2, 2007, this Court reversed the trial court's judgment and rendered judgment that appellees take nothing by their claims. Appellees have filed a motion for rehearing contending that the one recovery rule does not preclude this Court from awarding recovery based on breach of the joint venture agreement (JVA). To the extent that appellees are referencing that portion of the trial court's judgment granting declaratory relief and a permanent injunction, they are correct that we should address those issues. However, we disagree with appellees' contention that we should

revisit the issue of damages for breach of the JVA after appellees made a clear and unequivocal election to pursue damages based on fraud in connection with the memorandum settlement agreement (MSA).  See  Birchfield v. Texarkana Mem'l Hosp., 747 S.W.2d 361, 367 (Tex. 1987).  Having elected a judgment for damages on the MSA fraud allegations, appellees effectively waived the jury's damage findings pursuant to the JVA.  Kish v. Van Note, 692 S.W.2d 463, 466-67 (Tex. 1985).  Further, even were we able to review appellees' claims of damages related to appellants' breach of the JVA, the evidence of damages is the same that we previously held to be legally insufficient evidence of damages based on appellees' MSA fraud allegations.

Declaratory Relief

In addressing the issues of the declaratory relief, the first matter to be considered is the basis for the relief requested.  A review of appellees' live pleadings reveals that the declaratory relief request is grounded on the execution by appellant, Rancho La Valencia (Rancho) of an assignment in favor of its lender, OmniBank.  Appellees sought a declaration that this assignment was a complete assignment that had matured and that assigned all of Rancho's interest in the joint venture.  According to appellees, the jury's answer to question No. 15, finding that Rancho had assigned its interest in the joint venture to OmniBank, requires this result.  However, when, as in this case, there is no allegation that the assignment is ambiguous, the construction of the language in the assignment is a question of law.  DeWitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999).  As a result, we are not bound by the jury's finding and may disregard it as immaterial because it purports to answer a question of law, the legal interpretation of the assignment,

2

that is beyond the province of the jury. Spencer v. Eagle Star Ins. Co., 876 S.W.2d 154, 157 (Tex. 1994). Our *de novo* construction of the assignment is guided by the fact that the construction of an assignment is governed by the same rules of construction as any contract. Commercial Structures & Interiors, Inc. v. Liberty Educ. Ministries, Inc., 192 S.W.3d 827, 832 (Tex.App.–Fort Worth 2006, no pet.). The goal is to ascertain the intent of the parties. Id. To harmonize a construction with the intent of the parties, we are required to construe the assignment as a whole and to give effect to all provisions so that none are rendered meaningless. Id. at 832-33.

A complete review of the assignment in question leads us to conclude that it was intended to be a collateral assignment and that it would not require the lender to step into the shoes of Rancho nor to undertake any of Rancho's obligations pursuant to the JVA. Upon default, the collateral assignment authorized the lender, at the lender's option, to receive future distributions that would otherwise go to Rancho. Appellants allege, even were we to accept appellees' legal interpretation of the assignment, there is legally insufficient evidence to establish that Rancho's actions effectuated an assignment of its interest in the JVA.[1] The express language of the assignment gave OmniBank the right to take certain actions upon default. However, there was no evidence admitted to establish that OmniBank elected to exercise any of the rights it obtained upon Rancho's default. We have reviewed the record and do not find testimony from any OmniBank representative that, after default on the loan by Rancho, the bank took any of the steps allowed under the

---

[1] We refer the parties to the original opinion for the standard of review for a challenge to the legal sufficiency of the evidence to sustain a jury's finding.

3

assignment that would have finalized the assignment, as urged by appellees. Accordingly, the evidence was legally insufficient to support a finding that Rancho had assigned its interest in the joint venture by virtue of its collateral assignment to OmniBank. See City of Keller v. Wilson, 168 S.W.3d 802, 808-09 (Tex. 2005). Therefore, based upon our construction of the assignment contract and the record before us, we find that the assignment from Rancho to OmniBank did not operate to assign Rancho's rights under the JVA to OmniBank.

The trial court further found that, as a result of execution of the MSA and the operation of paragraphs 5.2(j) and 5.9 of the JVA, appellants had forfeited their rights to any interest, legal or equitable, in the joint venture. The trial court's entry of a judgment declaring a forfeiture based upon its construction of a contractual provision, when there are no allegations that the contract is ambiguous, is a question of law and will be reviewed *de novo.* DeWitt County Elec. Coop., Inc., 1 S.W.3d at 100. A review of the documents referenced by the trial court's judgment, the MSA and JVA, fails to disclose any forfeiture provisions. Specifically, neither paragraph 5.2(j) nor 5.9 of the JVA authorizes the forfeiture of a joint venturer's interest based on a breach of these provisions. Rather, the contractual remedy provided for breach of the JVA is located in Article VII of the agreement and allows for dissolution, liquidation, or termination of the joint venture. Nothing in the record indicates that the relief granted by the judgment is predicated upon appellees' election to proceed under this Article of the agreement nor does this Article authorize a forfeiture of a joint venturer's interest in the joint venture. Accordingly, it appears that the trial court acted without authority or guiding principles and, therefore, abused its discretion.

4

Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). Therefore, we reverse that portion of the trial court's judgment declaring that appellants held no interest in the joint venture.

*Lis Pendens*

The judgment of the trial court declares that the notice of *lis pendens* is cancelled, declared void, and of no further force and effect.  However, the record before us reveals that the notice of *lis pendens* was filed in connection with the adversary proceeding in the bankruptcy case.  The record further reveals that the bankruptcy was dismissed by order of the Bankruptcy Court and the matter was remanded to state court on October 17, 2005. Inasmuch as the notice of *lis pendens* was filed in connection with an adversarial proceeding in Bankruptcy Court, the order of dismissal of the bankruptcy proceeding cancelled the notice.  See Hexter v. Pratt, 283 S.W. 653, 656 (Tex.Civ.App.–Dallas 1926), aff'd, 10 S.W.2d 692 (Tex. 1928).  Therefore, the declaration of the trial court's judgment regarding the notice of *lis pendens* was moot and the relief requested was unnecessary.

Injunctive Relief

Finally, the judgment purports to grant injunctive relief based upon the fact that appellees have prevailed on the merits.  However, having rendered judgment that appellees take nothing by their claim, the  injunctive relief can no longer stand.  To recover an injunction, the proponent must show 1) the existence of a wrongful act; 2) the existence of imminent harm; 3) the existence of irreparable injury; and 4) the absence of an adequate

5

remedy at law.   Priest v. Tex. Animal Health Comm'n, 780 S.W.2d 874, 875 (Tex.App.–Dallas 1989, no writ).  The current status of the case precludes the trial court from granting appellees injunctive relief by the very terms of the trial court's judgment. Accordingly, we reverse the trial court's grant of injunctive relief.

Conclusion

The motion for rehearing filed by appellees is in all things denied.


Mackey K. Hancock
Justice