MITCHELL v. MORGAN et ux.

(Court of Civil Appeals of Texas. Amarillo. March 7, 1914. Rehearing Denied April 11, 1914.)

1. MORTGAGES (§ 32*)—MORTGAGE OR SALE.

That an instrument is an absolute deed in form would not prevent a showing that it was intended as a mortgage; the test for determining whether it is a deed or mortage being whether the relation of debtor and creditor existed between the parties after the execution of the instrument.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 60–66, 84–94; Dec. Dig. § 32.*]

2. ATTORNEY AND CLIENT (§ 104*) — KNOWLEDGE OF ATTORNEY—IMPUTATION TO CLIENT.

If the attorney representing the mortgagee in the execution of an instrument claimed to be a mortgage had notice that the property was homestead property, such notice would be imputed to the mortgagee.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 92, 93, 1020; Dec. Dig. § 104.*]

3. MORTGAGES (§ 38*) — ABSOLUTE DEED AS MORTGAGE—SUFFICIENCY OF EVIDENCE.

In an action to cancel a deed on the ground that it was intended as a mortgage and conveyed the homestead property, evidence held

to sustain a finding that the conveyance was intended as a mortgage, and not as a conditional sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*] .

4. HOMESTEAD (§ 214*)—MORTGAGE—NOTICE OF HOMESTEAD CHARACTER — SUFFICIENCY OF EVIDENCE.

In an action to cancel a deed claimed to have been intended as a mortgage, on the ground that it covered homestead property, evidence held to sustain a finding of notice to the mortgagee that the property was homestead property.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 397–399; Dec. Dig. § 214.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by Choc Morgan and wife against T. S. Mitchell. From a judgment for plaintiffs, defendant appeals. Affirmed.

C. D. Russell, of Plainview, and Cooper, Merrill & Lumpkin, of Houston, for appellant. Fred C. Pearce and Y. W. Holmes, both of Plainview, for appellees.

HENDRICKS, J. The appellees, Choc Morgan and wife, Willie Morgan, sued the appellant, T. S. Mitchell, in the district court of Hale county, Tex., for the purpose of canceling a deed of trust, executed by them on December 4, 1909, embracing certain residence property in the town of Plainview, as well as to cancel a warranty deed of date January 20, 1912, executed and acknowledged by appellees, and on its face conveying the property in controversy to the appellant, Mitchell, the same property embraced in the mortgage and deed of trust and executed and delivered in 1909. The deed of trust and mortgage were executed by appellees for the purpose of securing the appellant in the payment of a certain note for the sum of $650, bearing interest from date at the rate of 10 per cent. per annum, and stipulating for the usual attorney's fees. The subsequent warranty deed was in the usual form, reciting a cash consideration of $725, and, as a part of the same transaction of the execution and delivery of said deed, the appellant, T. S. Mitchell, executed and delivered to Morgan the following instrument: "The State of Texas, County of Potter. Know all men by these presents, that we, T. S. Mitchell, of Potter county, Texas, and Choc Morgan, of Tarrant county, Texas, have made and entered into the following contract and agreement, to wit: Whereas, heretofore, to wit, on the 20th day of January, 1911, the said Choc Morgan, joined by his wife, Willie Morgan, made, executed, and delivered to the said T. S. Mitchell, their certain warranty deed of conveyance, conveying lot No. 3, in block No. 34, in the town of Plainview, Hale county, Texas for and in consideration of $725.02; and whereas, as a part of the consideration for said conveyance, it was understood and agreed between the said T. S. Mitchell and the said Choc

Morgan that the said Choc Morgan should have and be entitled to the privilege of repurchasing the property so conveyed at any time within twelve months from this date: Now, therefore, know all men by these presents, that I, T. S. Mitchell, for and in consideration of the recitals hereinabove mentioned, do hereby contract, obligate, and bind myself to reconvey the above-described property to the said Choc Morgan, or to any person selected by him, at any time within twelve months from this date upon the repayment to me of the said $725.02, together with all accrued interest at the rate of 10 per cent. per annum, which may have accrued on said amount at the time and at the date of said request; and I do hereby contract, obligate, and bind myself, my heirs, executors and administrators, to carry out the provisions of said contract and agreement so made and entered into with the said Choc Morgan. Witness my hand at Amarillo, Texas, this 20th day of January, A. D. 1912. T. S. Mitchell."

The appellees contended in the trial court, and repeat here, that the property embraced in the mortgage and purporting to have been conveyed in the deed was their homestead, and that both of said instruments were mortgages, and consequently void. The appellant, in the main, contends that the evidence was insufficient to go to the jury; that the deed of conveyance did not constitute a mortgage, and was, in fact, what it shows on its face to be, a conditional sale.

[1] Of course, it is well settled that the form of the instrument does not preclude testimony to show that it was a mortgage. The supreme test with the real character of the instrument is whether the relation of debtor and creditor continued to exist between Morgan and Mitchell after the execution of the purported deed and the instrument providing for a reconveyance. Mrs. Morgan testifies that, at the time the deed of trust was executed by her, she notified the attorney representing Mr. Mitchell in the preparation of the instrument that the property was their homestead, and that she was reluctant to sign the mortgage on the home. The attorney was upon the stand, and this statement is not denied. This is adverted to for the reason that at this particular time Morgan and his wife executed a designation of a lot in the town of Mineral Wells as a homestead, with reference to which the appellant Mitchell testifies he relied upon when the mortgage was given.

[2] If the attorney representing Mitchell in the transaction had notice that the particular property was the homestead, such notice would be imputed to Mitchell, and the purported designation, if for no other reason, would be unavailable. A short time prior to the execution of the mortgage, Morgan and his wife resided at Plainview, and moved to Amarillo, where the mortgage was executed, living in said city for about two years, then moving to Ft. Worth, and returning to Plainview some time in January, 1912. While Morgan and wife were in Ft. Worth, the note was placed in the hands of an attorney at Plainview for collection; Morgan asserting that at this time he only owed Mitchell $325, and that Mr. Mitchell agreed to advance him $400 more, making in all $725, which is the consideration in the deed. The appellant contends that the agreement between the parties was for a conveyance of the property, with an option for repurchase extended to Morgan, and that the $725 recited in the deed represented the balance owing him upon the previous note and one-half of the attorney's fees, which the Plainview attorney agreed to receive, and certain expense money which he agreed to furnish to Morgan for the purpose of the latter moving back to Plainview. As to a phase of this evidence in regard to the amount due, with certain additions of money agreed to be furnished, neither of the parties seems to be correct. Mitchell's claim is that the conveyance was to pay for the amount due on the $650 note, including the attorney's fees paid to the Plainview lawyer, and an additional $75. There was a credit upon the note, and, by calculation of the legal amount due, including the additional amounts, the $725 recited in the deed is inadequate; and deducting the credit, adding the balance, principal and interest, to the sum of $400, which Morgan says Mitchell agreed to let him have, also amounts to more than $725. Morgan does not assert that he paid any other money than the $112 credited upon the note. Morgan testifies that, at the time he borrowed the money from Mitchell, the latter demanded a deed to the property, "in order to make it legal—in order to borrow money." The testimony shows that Morgan paid the sum of $1,300 for the property when he purchased the same, and it is asserted by him that he moved into the property upon his return from Ft. Worth, without the consent of Mitchell.

Mitchell testifies that he informed Morgan that if the property was vacant when he returned to Plainview, that he would rent it to him, and afterwards informed him that Sanders & Greer, rental agents at Plainview, had the renting of the property. Mrs. Morgan testifies that on their return from Ft. Worth to Plainview by the way of Amarillo, just after the execution of the deed, the following conversation occurred with Mitchell at the Santa Fé depot in Amarillo: "Mr. Mitchell said: 'Mrs. Morgan, I understand that you don't understand the contract between me and Choc.' And I says: 'You are certainly mistaken, for I have never mentioned it to any one.' And he says: 'The contract is like this: Choc owes me $325, and the balance of this money I am letting you all have. It is merely an accommodation of mine to help Choc.' And he says, 'I don't want your place;' and I replied, 'It is home to us, and all we have.'" She further testified

in this conversation she told him, "I understood, when we signed this deed, it was to borrow $700 as a mortgage on my home," and that Mitchell replied, "Choc owed me $300 of this money, and the balance of it I am letting him have." The effect of this is that Mitchell understood, if such a conversation occurred when the agreement was made as to the execution of the deed, that the loan continued for a part of the old debt, as well as the additional amounts agreed upon. Mitchell denied this conversation, giving his version of the same, the jury, however, resolving it against him, and by which we are bound. Mitchell's statement is that, when Morgan and wife came through Amarillo on their way to Plainview, Morgan wanted him to explain to his wife with reference to the agreement as to the option and the right of repurchase. He says: "I told her that they owed me the amount stated in the deed as I remember it, and that he had an option to rebuy and could buy the property back within 12 months for that amount, with interest. I didn't say anything else to Mrs. Morgan in the conversation had with her at the depot." This statement, while not wholly inconsistent with the theory of a conditional sale, is also not inconsistent with the theory of a mortgage. It is noted that the instrument executed by Mitchell, obligating himself to reconvey the property, provides for the repayment to him of "$725.02, together with all accrued interest at the rate of 10 per cent. per annum, which may have accrued on said amount at the time and at the date of said request,"—meaning the request for the reconveyance.

Justice Gaines said, in the case of McCammant v. Roberts, 80 Tex. 328, 15 S. W. 1054: "The fact that the money which is to be paid is to bear interest is always a circumstance which indicates the existence of a debt, and hence a mortgage." Of course, if the conveyance in question extinguished the debt, and the parties so intended, and it was not as a mere security for said debt, the assertion of the homestead right would be as unavailing as though the property were actually purchased with money delivered without any pre-existing indebtedness entering into the consideration for the conveyance. While the instrument quoted herein extends the privilege to Morgan of repurchasing the property, it, in effect, says in another portion, as stated above, this repurchase is upon the "repayment" to Mitchell of the $725, together with "all accrued interest" at the rate of 10 per cent. per annum, and is just as consistent, if not more so, with the theory of an indebtedness existing between the parties as the theory of an actual conveyance canceling a previous indebtedness, and of additional money actually paid.

[3] This, in connection with the testimony upon appellant's theory of the case, we are inclined to think, fulfills the measure of the law, being bound by the jury's verdict in proving a mortgage. Miller v. Yturria, 69 Tex. 549, 7 S. W. 206; Ruffier v. Womack, 30 Tex. 341; De Bruhl v. Maas, 54 Tex. 464; Alstin v. Cundiff, 52 Tex. 453; Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841; Harrison v. Hogue, 136 S. W. 118; Wilcox v. Tennant, 13 Tex. Civ. App. 220, 35 S. W. 865.

[4] We also think there is sufficient testimony in the record of notice of homestead rights, and we believe the appellees' pleadings in this cause are sufficient against the general demurrer.

We have attempted to carefully consider all of the assignments, and think the crucial question is the one discussed, and order an affirmance of the judgment.