HEXTER et al. v. PRATT et al.
(No. 901—4654.)

(Commission of Appeals of Texas, Section A.
Feb. 9, 1927.)

1. **Lis pendens ⬅25(3)—One taking deed of trust, knowing of defendant's claim from lis pendens notices showing dismissal of claim, held innocent lienholder entitled to have lien foreclosed.**

Knowledge of defendant's claim of title to lots derived from lis pendens notices and from pleadings in suits referred to by the lis pendens notices, where there was also knowledge of abandonment of claim derived from judgment of dismissal for failure to prosecute suits, *held* not to impose duty to inquire whether defendant intended to reassert claim so as to prevent one taking a deed of trust on the lots from being an innocent lienholder and entitled to have his lien foreclosed.

2. **Notice ⬅6—Knowledge puts one on inquiry only when inquiry becomes duty.**

Knowledge of facts will in law put a person on inquiry to ascertain ultimate facts of which he is presumed to have notice only when inquiry becomes a duty.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit to foreclose a deed of trust by J. K. Hexter and another against Tennie L. Pratt and Clarence E. Pratt, consolidated for trial with two other suits, one in trespass on the case by Mrs. Tennie L. Pratt against Clarence E. Pratt, and one to recover title and possession of certain lands by Clarence E. Pratt against Mrs. Tennie L. Pratt. From an adverse judgment in favor of Clarence E. Pratt, plaintiffs in the first entitled suit brought error to the Court of Civil Appeals. Judgment of affirmance was rendered (283 S. W. 653). and plaintiffs in the first entitled suit bring error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed, and as reformed affirmed.

Hexter, Hexter & Rice and Etheridge, McCormick & Bromberg, all of Dallas, for plaintiffs in error.

J. J. Eckford and C. C. Westerfeld, both of Dallas, for defendants in error.

BISHOP, J. On May 15, 1915, there were pending in the district courts of Dallas county two suits: (a) One by Mrs. Tennie L. Pratt against her son, C. E. Pratt, for a lot of land situated in the city and county of Dallas, here designated as lot A, of which she in her petition alleged that she was the owner in fee simple, and he in his answer alleged facts which, if true, would show that his mother was holding the legal title to said lot in trust only for his use and benefit; (b) the other by C. E. Pratt against his mother for the re-

covery of the lots herein designated as B, C, and D, in said city and county, in which the allegations of the respective parties as to ownership were the same as those made with reference to lot A. On said date C. E. Pratt filed for record lis pendens notices in each of said cases—the one in the former suit referring to the pleadings "for complete understanding of the allegations set forth therein and the claims of the parties to said suit affecting the title to said property," and the one in the latter suit reciting the facts constituting his claim of title.

Thereafter the former suit was consolidated with the latter and styled C. E. Pratt v. Tennie L. Pratt. After the consolidation, C. E. Pratt as plaintiff amended his pleadings, and Tennie L. Pratt as defendant also amended her pleadings. The minutes of the district court in which this consolidated suit was pending shows the following judgment dismissing said cause:

· "Monday July 28th, 1919.

"Clarence E. Pratt v. Mrs. T. L. Pratt,
No. 19,897–A.

"On this, the 28th day of July, A. D. 1919, this cause came on to be heard, and, it appearing that theretofore, on the 18th day of June 1915, cause No. 19797–C–A, styled Mrs. T. L. Pratt v. Clarence E. Pratt, was transferred to this court and said cause consolidated with the above-entitled cause, and it further appearing to the court that on the calling of said cause No. 19–897–A that plaintiff, neither in person or by attorney appeared in court, and defendant demanding the said cause be disposed of, and because said cause had been upon the docket of this court for a period of four years and many continuations granted, said causes No. 19–897–A and No. 19–797–C–A are hereby dismissed and all injunctions granted and orders made in each of said causes are hereby dissolved and set aside.

"It is therefore adjudged and decreed that the defendant in this cause go hence without day and that she have judgment for all costs in her behalf expended, for which let execution issue."

On November 16, 1920, the court made and entered an order setting aside the order dismissing said consolidated cause and reinstating same on the docket for trial as though the order of dismissal had never been entered.

Plaintiffs in error J. K. Hexter and M. C. Levi, on January 17, 1922, filed suit against Tennie L. Pratt and C. E. Pratt to recover on a note executed by Tennie L. Pratt for the principal sum of $4,000 payable to J. K. Hexter of date November 19, 1919, and due three years after date, and to foreclose a deed of trust on said four lots, said deed of trust having been executed by said Tennie L. Pratt to said Levi, as trustee, on the same date of said note to secure the payment thereof. This suit was by the court consolidated with said reinstated cause, and on trial of this con-

solidated cause judgment was rendered in favor of J. K. Hexter against Tennie L. Pratt, for the amount due on said note, including interest and attorney's fees, but plaintiffs in error Hexter and Levi were denied fore-. closure of the lien as against Tennie L. Pratt and C. E. Pratt. C. E. Pratt was by said judgment awarded recovery of said lots as against Tennie L. Pratt and said Hexter and Levi. On appeal the Court of Civil Appeals affirmed this judgment. 283 S. W. 653.

In negotiations resulting in the execution of this note and deed of trust, Mrs. Pratt furnished Hexter an abstract of title to each of these lots. These abstracts contained a copy of the lis pendens notices and the judgment of the court dismissing the cause to which they had reference. Hexter delivered the abstract to his attorney for examination, and, on the report made by the attorney, made a loan to Mrs. Pratt of $4,000, the consideration for which the notes and deed of trust were executed. The attorney in making this examination was advised of the facts recited in the lis pendens notices, the pleadings in the case to which they had reference, and the judgment of dismissal.

. The Court of Civil Appeals held that:

"The facts recited in the lis pendens were undoubtedly sufficient to put a reasonably prudent person on inquiry, and of such character that, if such inquiry had been pursued, plaintiff in error Hexter might have ascertained, by the exercise of proper diligence, a knowledge of all the facts constituting C. E. Pratt's claim of title to said lots."                           ,

And that:                                            .

"It was the duty of plaintiff in error Hexter, in person or through his attorney, employed· for that purpose in examining the abstracts of title, to have made the inquiry that the contents of the lis pendens necessarily suggested should be made, which would have, if pursued, led to the knowledge of the facts upon which the claim of title of C. E. Pratt to the lots in question rested."

[1, 2] We have concluded that the holding that it was the duty of Hexter or his attorney to make inquiry as to whether C. E. Pratt was still asserting the claim made by him in the suit against his mother is erroneous. It is only when inquiry becomes a duty that knowledge of facts will in law put. a person on inquiry to ascertain the ultimate facts of which he is presumed to have notice. 29 Cyc. p. 1114. Here from the facts recited in the lis pendens notices and from the pleadings in the cases to which they made reference, the attorney knew that C. E. Pratt was in those cases asserting claim of title to these lots. He was also advised by the judgment dismissing these consolidated causes that C. E. Pratt had abandoned this claim by his failure to prosecute his suit to establish same. Knowledge that C. E. Pratt, having asserted the claim by suit in court, had abandoned it,

should not be held to be knowledge of such facts as would impose upon Hexter or his attorney a duty to make inquiry to learn whether C. E. Pratt intended in the future to re-assert his claim. The judgment of dismissal was a final judgment of the court, and had the effect to put an end the litigation between C. E. Pratt and his mother. Though it did not determine the issues tendered in their pleadings, it was a determination by the court that C. E. Pratt had abandoned his suit and for that reason same was dismissed. It would be an unreasonable rule of law that would impose a duty upon Hexter to make inquiry as to whether C. E. Pratt was re-asserting a claim, which a judgment, in a case to which Pratt was a party, shows he had abandoned. See Wethered v. Boon, 17 Tex. 143.

It is not necessary to decide whether the Court of Civil Appeals erred in holding that notice to the attorney examining the abstract under the facts in this case was notice to Hexter, his client. This record clearly shows that Hexter is an innocent lienholder and entitled to have his lien on the lots foreclosed.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court so reformed as to award plaintiffs in error foreclosure of the deed of trust lien against defendants in error, and, as reformed, affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals is reversed, and that of the district court reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.