## HEXTER et al. v. PRATT et al.
### (No. 901—4654.)

Commission of Appeals of Texas, Section B.
Nov. 21, 1928.

Hexter, Rice & Hexter and Etheridge, Mc-Cormick & Bromberg, of Dallas, for plaintiffs in error.

J. J. Eckford and C. C. Westerfield, both of Dallas, and W. F. Robertson and Charles L. Black, both of Austin, for defendants in error.

SPEER, J. This suit involves the right of plaintiffs in error to foreclose a deed of trust executed by defendant in error Mrs. Tennie L. Pratt upon the land in controversy, in which suit defendant in error Clarence E. Pratt pleaded that he was the equitable owner of the property; that Mrs. Tennie L. Pratt, his mother, had purchased the same with funds belonging to him; and that the plaintiffs in the case had acquired their mortgage lien with notice of his claim. The notice was alleged to be both constructive (through a certain lis pendens) and actual. The issue of innocent holder was duly pleaded by the plaintiffs. The trial court to which the cause was submitted found that the plaintiff Hexter had actual notice of the claim of title of defendant Clarence E. Pratt to the property before and at the time the note and deed of trust were executed. The court refused the foreclosure sought and rendered judgment for the property in favor of C. E. Pratt against Mrs. Tennie L. Pratt. The plaintiffs appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 283 S. W. 653.

Writ of error was granted, and the cause was referred to Section A of the Commission of Appeals, who recommended that the judgment of the Court of Civil Appeals be reversed and that of the district court reformed so as to award a foreclosure, and as thus reformed that it should be affirmed. This recommendation was adopted, and judgment was accordingly entered. 290 S. W. 734. Upon motion for rehearing the Supreme Court withdrew the case from the Commission for a further consideration.

In our opinion it is unnecessary to discuss any question other than that of actual notice to plaintiffs in error, the ground upon which the trial court refused the foreclosure. The question of actual notice arose in this way: The property in controversy by proper deeds of conveyance stood in the name of Mrs. Tennie L. Pratt. She sought a loan from plaintiffs in error, and in the negotiation of the loan she placed in their hands an abstract of title containing a copy of a lis pendens filed in certain cases afterward consolidated, wherein defendant in error Clarence E. Pratt claimed the property in controversy as against his mother and sought judgment for its title and possession. The abstract further contained an order dismiss-

ing the consolidated cause for want of prosecution. The order of dismissal referred to was of date July 28, 1919, and the note and mortgage executed by Mrs. Pratt were dated November 19, 1919.

Plaintiff in error Hexter, to whom the abstracts of title were delivered, placed them in the hands of his attorney, who examined them and reported the result of his examination in writing. The attorney was advised of the contents of the abstract, including the court proceedings between the Pratts as herein shown. No effort was made by the attorney nor by the plaintiffs in error to inquire into the facts constituting the claim of C. E. Pratt, but, relying upon the sufficiency of the order of dismissal to terminate the effect of the lis pendens as notice, and assuming that the facts shown did not constitute actual notice, no inquiry was made and the transaction of the loan was closed.

We are of the opinion that the plaintiff in error Hexter is not an innocent purchaser for value; that he had notice of such facts as by the use of reasonable diligence he could have ascertained the extent of the claim and right of defendant in error C. E. Pratt.

Notice in law is of two kinds—actual and constructive. These descriptive terms need but little explanation. In common parlance "actual notice" generally consists in express information of a fact, but in law the term is more comprehensive. In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself. Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. So that, in legal parlance, actual knowledge embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. Actual notice is always a question of fact. 20 R. C. L. p. 340.

Constructive notice is as effectual and binding as actual notice, but it is the very opposite of actual notice and would not exist but for statute. It is the legal effect prescribed by law of certain things most frequently illustrated by registration statutes, lis pendens notices, and the like. Unlike actual notice, the inference is not rebuttable. 20 R. C. L. p. 342.

Actual notice being a question of fact, it is impossible to prescribe with accuracy just what facts or circumstances will be sufficient. Each case must be governed by its own peculiar circumstances. The two kinds of notice recognized by law are entirely distinct and apart from each other. Constructive notice is binding in the absence of ac-

tual notice, and likewise actual notice is binding independent of any question of constructive notice. Whatever brings to the party sought to be charged express information or fairly puts him upon inquiry, as we have seen, is actual notice of those facts which reasonable use of the means at hand would have discovered; and even though this information or duty of inquiry arises in connection with an abortive effort to create a constructive notice, it nevertheless is actual notice. Thus, where a purchaser of land is informed of a recorded deed which was not entitled to record, he is nevertheless charged with notice of the grantee's rights. Tuttle v. Jackson, 6 Wend. (N. Y.) 213, 21 Am. Dec. 306; Musgrove v. Bonser, 5 Or. 313, 20 Am. Rep. 737; Doran v. Dazey, 5 N. D. 167, 64 N. W. 1023, 57 Am. St. Rep. 550; 20 R. C. L. p. 349.

■ The abstracts examined by the attorney for plaintiffs in error actually disclosed to him that within a comparatively recent time —only a few months—the defendant in error Clarence E. Pratt, through a suit filed in the proper court, was claiming title to, and the right of possession of, the very lands in controversy. The notice was more than that of a mere possible claim; it was necessarily and expressly of a claim to the land. It is a familiar rule in this state that one dealing with land in the possession of another is chargeable with notice of all claims of such other which a proper inquiry would have disclosed. In Collum v. Sanger Brothers, 98 Tex. 162, 82 S. W 459, the Supreme Court forcefully applies this rule, where Chief Justice Gaines, writing for the court, said:

"Possession is evidence of title, and it seems to us that common prudence and common honesty demand this course [to go to the possessor and ascertain the nature and extent of his claim]."

Now, possession of land is not necessarily evidence of title or even of claim thereto. In the ordinary course of things, however, the act is of such a nature as to indicate such a claim to a person of ordinary caution, and therefore the effect of such possession is to put an intending purchaser upon notice. So, here, the filing of suit expressly claiming the land, followed by a lis pendens, under the statute undoubtedly was sufficient when called to the actual attention of the plaintiffs in error to elicit inquiry of C. E. Pratt.

It is insisted that since the pending suit between the Pratts was dismissed by the court, there was an end not only of the suit, but of the claim of C. E. Pratt as well; the argument being that the dismissal was an adjudication that there had been an abandonment of the claim. This position is untenable, because the order of dismissal is not an adjudication of title or right what-

ever. It is just what it purports to be, a determination of a lack of diligence in prosecuting the suit for which it is stricken from the docket. It effectually put an end to the particular proceeding, but was entirely ineffectual to determine the merits of the claim therein asserted. The dismissal was not procured by the affirmative act of C. E. Pratt, but if such had been the case, it would not have been conclusive of his abandonment of his claim. Such course would have been explicable upon the theory he had recanted his unfilial act of suing his mother or that an adjustment of their differences had been reached. Even in that event a proposed purchaser would have ignored the actual notice possessed by him at his peril.

■ We have assumed that actual notice to Victor E. Hexter, the attorney who examined the abstracts for plaintiffs in error, was notice to them. It is well established that notice to an attorney acquired in the prosecution of his client's business will be imputed to his client. Fordtran v. Cunningham (Tex. Civ. App.) 141 S. W. 562 (w. ref'd); Missouri, etc., Co. v. Wood (Tex. Civ. App.) 152 S. W. 487; Newton v. Easterwood (Tex. Civ. App.) 154 S. W. 646 (w. ref'd); Mitchell v. Morgan (Tex. Civ. App.) 165 S. W. 883 (w. ref'd).

We think the judgment of the Court of Civil Appeals deciding the case upon the question of actual notice, irrespective of that of constructive notice, was right.

We therefore recommend that the judgments of both courts be affirmed.

CURETON, C. J. The judgments of the district court and the Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.