**Dissenting opinion issued February 26, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NOS. 01-13-00267-CV
## 01-13-00233-CV

————————————

**JAY H. COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, Appellant**

**V.**

**SANDCASTLE HOMES, INC., Appellee**

**\* \* \* \***

**JAY H. COHEN, INDIVIDUALLY AND AS TRUSTEE OF THE JHC TRUSTS I AND II, Appellant**

**V.**

**NEWBISS PROPERTY, LP, Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 2010-20973A & 2010-20973B**

---

## DISSENTING OPINION

By definition, a person who buys property *with notice* of another's claims affecting that property can't claim the legal protections available to a bona fide purchaser for value *without notice*.[1] A recently enacted statute adds a wrinkle.[2] To the extent a purchaser has notice of a claim due to the recording of a notice of lis pendens,[3] the expungement of the recorded notice erases the effect of any notice that had resulted from the filing. *See* TEX. PROP. CODE § 12.0071(f)(1). The new statute further provides that the expunged "notice of lis pendens"—along with "any information derived from the notice"—"is not enforceable" against someone who buys the property for value. *Id*. § 12.0071(f)(2). Notably absent is any reference in the statute to the underlying claim becoming unenforceable.

The statute simply doesn't address the circumstance of a purchaser who receives notice of a third-party claim by some means other than a recorded notice

---

[1] To qualify as a "bona fide purchaser," "one must acquire property in good faith, for value, and without notice of any third-party claim or interest." *Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001).

[2] *See* Act of May 26, 2009, 81st Leg., R.S., Ch. 297, § 2, sec. 12.0071, 2009 Tex. Gen. Laws 806 (current version at TEX. PROP. CODE § 12.0071).

[3] In the interest of clarity, this dissent deliberately distinguishes between a pending lawsuit relating to an interest in real property (referenced herein as a "lis pendens") and a recorded notice of such a claim (referenced herein as a "notice of lis pendens"). I acknowledge that in other contexts the recorded notice is often referenced simply as a "lis pendens." *See generally* BRYAN A. GARNER, GARNER'S DICTIONARY OF LEGAL USAGE 546 (3d ed. 2011).

of lis pendens. For that reason, the judgments in both of these cases should be reversed. Cohen demonstrated a genuine issue of material fact as to whether Sandcastle and NewBiss had actual knowledge of his claims to the West Newcastle property, separate and apart from any notice that could have resulted from the recorded notice of lis pendens.

Section 12.0071(f) of the Property Code provides:

> After a certified copy of an order expunging a notice of lis pendens has been recorded, the notice of lis pendens and any information derived from the notice:
>
> (1)    does not:
>
> > (A)    constitute constructive or actual notice of any matter contained in the notice or of any matter relating to the proceeding;
> >
> > (B)    create any duty of inquiry in a person with respect to the property described in the notice; or
> >
> > (C)    affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value; and
>
> (2)    is not enforceable against a purchaser or lender described by Subdivision (1)(C), regardless of whether the purchaser or lender knew of the lis pendens action.

Consistent with this statute, a purchaser of real estate still can be shown to have *actual notice* of a claim that did not result from the filing of a notice of lis pendens. Moreover, the law imputes other forms of *constructive notice* of a claim in some

3

circumstances that don't involve the filing of a notice of lis pendens.[4] Thus, in my view, an expungement doesn't completely eradicate every form of actual or constructive notice to a purchaser, just the forms of notice that result from the recording of a notice of lis pendens.

"In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute."[5] The text of the statute at issue tells us that an expungement takes effect "[a]fter a certified copy of an order expunging a notice of lis pendens has been recorded." TEX. PROP. CODE § 12.0071(f). There are four distinct results of recording the expungement order:

- "the notice of lis pendens and any information derived from the notice . . . does not . . . constitute constructive or actual notice of any matter contained in the notice or of any matter relating to the proceeding," *id*. § 12.0071(f)(1)(A);

- "the notice of lis pendens and any information derived from the notice . . . does not . . . create any duty of inquiry in a person with respect to the property described in the notice," *id*. § 12.0071(f)(1)(B);

- "the notice of lis pendens and any information derived from the notice . . . does not . . . affect the validity of a conveyance to a purchaser for value or of a mortgage to a lender for value," *id*. § 12.0071(f)(1)(C); and

- "the notice of lis pendens and any information derived from the notice . . . is not enforceable against a purchaser or lender described

---

4   *See, e.g.*, *Flack v. First Nat. Bank of Dalhart*, 226 S.W.2d 628, 632 (Tex. 1950).

5   *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

4

by Subdivision (1)(C), regardless of whether the purchaser or lender knew of the lis pendens action," *id*. § 12.0071(f)(2).

Each of these results relates to the effects, after expunction, which no longer flow from "the notice of lis pendens and any information derived from the notice." *Id*. § 12.0071(f). Thus by negative implication,[6] expunction is given no effect with respect to the universe of other information, not included in the scope of section 12.0071(f), that is neither (a) the "notice of lis pendens" itself nor (b) "information derived from the notice" of lis pendens.

The notice arising from a notice of lis pendens, which is eradicated by an expungement pursuant to section 12.0071(f), is conceptually distinct from actual notice and constructive notice attained by other means, as courts have long acknowledged.[7] Distinguishing notice that results from the recording of a notice of

---

[6]     *See, e.g.*, *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007) (invoking interpretive tool of *expressio unius est exclusio alterius*).

[7]     *See, e.g.*, *Hexter v. Pratt*, 10 S.W.2d 692, 693–94 (Tex. Comm'n App. 1928, judgm't adopted) (distinguishing actual from constructive notice); *see also* *Madison*, 39 S.W.3d at 606; *Flack*, 226 S.W.2d at 632. For example, before the enactment of section 12.0071 the cancelation of a notice of lis pendens based on the non-viability of the underlying claim did not vitiate actual notice of other facts that, through reasonable diligence, would inform a *pendente lite* purchaser of an equitable party's claims. *See World Savs. Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 303–305 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (determining that fact issue existed regarding mortgagee's actual notice of court of appeals judgment reversing trial court's dismissal of claims on which canceled notice of lis pendens was based); *Hexter v. Pratt*, 283 S.W. 653, 658–59 (Tex. Civ. App.—Dallas 1926) *aff'd* 10 S.W.2d 692 (Tex. Comm'n App. 1928, judgm't

lis pendens from other forms of notice that don't therefore is entirely consistent with the new expungement procedure established by section 12.0071.

In contrast, to resolve this appeal the court emphasizes the much broader supposed statutory "aims" of section 12.0071:

- to forbid "a party to burden title to property even when that party cannot meet the threshold requirement of adequately pleading and establishing the probable validity of an alleged real-property claim," Maj. Op. at 20; and

- to "curtail burdening of real property pretrial, for lengthy periods, without evidentiary support," *id*. at 23.

But these supposed "aims" have no anchor in the text of the statute. As such they don't justify the court's "bright-line rule," which in its objective of promoting the "aims," appears to indulge the "false notion that the spirit of a statute should prevail over its letter."[8]

In our task of interpreting a statute, we are also called to be mindful that "if a statute . . . deprives a person of a common law right, the statute will be strictly

---

adopted) (holding that canceled, but later reinstated, notice of lis pendens did not constitute constructive notice, but actual notice of facts contained in abstracts of title, including and beyond the notice of lis pendens itself, precluded bona fide purchaser status).

[8] *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 343–46 (2012); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 445 (Tex. 2009) (Hecht, J., concurring) ("It matters not what someone thinks the text may have meant to say or now hopes or wishes it said. To look beyond the plain language risks usurping authorship in the name of interpretation.").

construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview."[9] Given this admonishment, the court should not stretch the text of section 12.0071 to further erode the common-law rule precluding equitable relief to a purchaser who had notice of a competing claim. Yet under the court's interpretation of the words "any information derived from the notice," an equitable claimant with an expunged notice of lis pendens loses the right he had at common law to invalidate a property transfer based on the purchaser's actual or constructive notice of the claim,[10] even when such notice was completely unrelated to the filing of a notice of lis pendens, as alleged by Cohen in this case. It is a truism that the bona-fide-purchaser doctrine provides no relief to a

---

[9] *Sw. Bell Telephone, L.P. v. Harris Cnty. Toll Rd. Auth.*, 282 S.W.3d 59 (Tex. 2009) (quoting *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969)).

[10] The common-law doctrine of lis pendens historically applied in cases implicating interests in real property, binding a purchaser who acquired title during the pendency of a suit to a court's decree entered against the purchaser's predecessor in title. *E.g.*, *Latta v. Wiley*, 92 S.W. 433, 436 (Tex. Civ. App. 1905, writ ref'd). Whether such a *pendente lite* purchaser had notice of the pending suit was immaterial to the doctrine. *See generally* 1 JOSEPH STORY, COMMENTARIES ON EQUITY JURISPRUDENCE § 406 (6th ed. 1853). In practice it was exceedingly difficult, if not impossible, for a *pendente lite* purchaser to learn of a lis pendens. *See* 2 DAVID A. THOMAS, THOMPSON ON REAL PROPERTY § 92.07(h) (2d ed. 2002). In response to the perceived harshness of this common-law doctrine on *pendente lite* purchasers, legislatures in most states enacted statutes requiring the recording of notice of pending litigation concerning real property. *See* LEWIS M. SIMES & CLARENCE B. TAYLOR, THE IMPROVEMENT OF CONVEYANCING BY LEGISLATION 114 (1960).

purchaser with notice, regardless of whether any notice of lis pendens ever was recorded.[11] Section 12.0071(f) does not change that common-law rule—it only modifies the effect of an expungement of a recorded notice of lis pendens. Considering the pedigree of the common-law rule, and the harsh procedural implications of the court's interpretation, it isn't an absurd result to deny bona-fide-purchaser status to a buyer who proceeds despite notice of the pending claim, as the court seems to imply.[12]

---

[11] The Texas Legislature ameliorated the common-law rule in 1905, establishing a procedure for recording a notice of lis pendens with the county clerk. Act of April 25, 1905, 29th Leg., R.S., ch. 128, 1905 Tex. Gen. Laws 316. The act eliminated the common-law rule that mere pendency of a suit implicating an interest in land was sufficient to invoke the lis pendens doctrine. *See, e.g.*, *Kuehn v. Kuehn*, 242 S.W. 719, 721 (Tex. Comm'n App. 1922, judgm't adopted). Instead, it provided that a *pendente lite* purchaser without actual or constructive notice of a claim could take an interest in real property unencumbered by the outcome of the pending litigation, unless the notice of lis pendens had been properly filed with the county clerk. *See* Act of April 25, 1905, 29th Leg., R.S., ch. 128 § 3, 1905 Tex. Gen. Laws 316; *Hexter*, 283 S.W. at 656. Nevertheless, courts maintained that the act did not supplant the lis pendens doctrine in its entirety. A *pendente lite* purchaser with actual or constructive notice of the claim remained outside the protection of the statute, and therefore could not take an interest unencumbered by the outcome of the pending litigation. *See, e.g.*, *Texas Co. v. Dunlap*, 41 S.W.2d 42, 44 (Tex. Comm'n App. 1931, judgm't adopted). Later, the Legislature authorized the cancelation by the court of a filed lis pendens notice upon a deposit of money or bond. Act approved March 30, 1925, 39th Leg., R.S., ch. 145, § 1, 1925 Tex. Gen. Laws 353.

[12] *See* Maj. Op. at 20 (citing TEX. GOV'T CODE § 311.021(3), to the effect that courts should presume that "a just and reasonable result is intended" when a law is enacted); *see also Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556,

It's also worth noting that the procedural standard for expunging a notice of lis pendens is much lower than the standard that would apply to defeat the underlying claim on the merits. A notice of lis pendens can be expunged based on the nonmovant's inability—without any right to ordinary discovery[13]—to "establish the probable validity of the real property claim."[14] The party seeking expungement has no burden of proof. The expungement of a notice of lis pendens under such circumstances is far from a judicial determination that the claimant could not have ultimately prevailed on the merits of his claim with the benefit of discovery. Yet the court's holding has the effect of imbuing an expungement of a notice of lis pendens with the claim-preclusive effect of a full-blown adverse judgment on the merits. As such, Cohen would have been in a better position today had he never availed himself of the recording act's protections by recording the notice of his lis pendens.

In response, the court observes that a claimant who records a notice of lis pendens "wields power not available to a plaintiff in any other context, i.e., the

_____

574 (Tex. 2014) (discussing the limited applicability of the absurdity doctrine).

[13]  Discovery "may" be permitted, but the phrasing of the statute commits this to the discretion of the trial court. *See* TEX. PROP. CODE § 12.0071(b)(2) ("The court may . . . make any orders the court considers just to provide for discovery by a party affected by the motion.").

[14]  *Id.* § 12.0071(c)(2).

ability to effectively completely encumber a defendant's property before any right to that property is litigated." Maj. Op. at 25. But the prospect of litigation, whether already in progress, threatened, or merely imagined, affects all aspects of life—including real-estate transactions. To the extent real property is considered "encumbered" in these circumstances, it is encumbered by the fact of the claim itself, not by the separate act of recording of a notice of the claim. Texas law encourages the filing of notices of lis pendens, which serves to avoid the harshness of the common-law rule that a purchaser who acquired title during the pendency of a suit would be bound by a court's decree entered against the purchaser's predecessor in title, regardless of whether the subsequent purchaser had notice.[15] The circumstance characterized by the court as a lamentable "complete" encumbrance thus also could be recognized as the commercial reality that purchasers are rightly cautious about buying real property with a cloud on its title. Except for the limited circumstance actually described in section 12.0071(f) as the consequence of an expungement, the common-law rule should not be altered: a buyer of real property with notice of a pending claim takes title subject to the risk of an adverse judgment on the claim. Recording statutes have the beneficial effect

---

[15] *See supra* note 10; *see also Connecticut v. Doehr*, 501 U.S. 1, 29, 111 S. Ct. 2105, 2122 (1991) (Rehnquist, J., concurring) ("The *lis pendens* itself creates no additional right in the property on the part of the plaintiff, but simply allows third parties to know that a lawsuit is pending in which the plaintiff is seeking to establish such a right.").

10

of protecting buyers of real property by ensuring notice of competing claims to title, yet the court's interpretation of the effect of expunction could have the effect of actually discouraging the filing of notices of lis pendens, and thereby increasing litigation about whether the buyer had actual notice of the claim or facts sufficient to prompt further inquiry. I do not read the statute to require or even to imply this outcome.

Cohen presented summary-judgment evidence that both Sandcastle and NewBiss were on notice of his claims to the West Newcastle property, in a fashion that could not be traced to the recording of his notice of lis pendens. Indeed, the court doesn't dispute that there is a genuine fact dispute in this regard. As such, section 12.0071 does not apply, and Cohen's claims should not have been dismissed on that basis.

I would reverse the judgments and remand for further proceedings. Because the court holds otherwise, I respectfully dissent.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Justice Massengale, dissenting.