**Opinion issued April 2, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-21-00593-CV

_____

**JEREMY SOUDERS, Appellant**

**V.**

**EXXON MOBIL CORPORATION, Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-51413**

---

## CONCURRING OPINION

I am compelled by binding precedent to concur in this Court's opinion and judgment. A different result might have obtained had that precedent recognized the distinction between "actual knowledge"—a legal construct—and "actual, subjective knowledge"—a description of a state of consciousness. Discovery

would have been different, the trial would have been different, and the jury charge would have been different.

*＊＊*

The 74th Texas Legislature enacted Chapter 95 in 1995. Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 2, 1995 Tex. Gen. Laws 976–77 (codified at TEX. CIV. PRAC. & REM. CODE §§ 95.001–.004). In it, the Legislature specified that a property owner can be held liable to an independent contractor only if "the property owner had **actual knowledge** of the danger or condition resulting in" the harm to the independent contractor. TEX. CIV. PRAC. & REM. CODE § 95.003(2) (emphasis added).

Also in 1995, the 74th Legislature—the very same group of 181 men and women—amended Chapter 41 to specify that a defendant can be held liable for exemplary damages for malice only if the defendant acted with "**actual, subjective awareness** of the risk involved." Act of April 6, 1995, 74th Leg., R.S., ch. 19, § 1, 1995 Tex. Gen. Laws 109 (codified at TEX. CIV. PRAC. & REM. CODE §41.001(7) (defining "malice")); *see generally Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 n.2 (Tex. 1998).[1]

---

[1] The prior definition required "actual awareness on the part of the defendant that the act will, in reasonable probability, result in human death, great bodily harm, or property damage." Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.12, 1987 Tex. Gen. Laws 44 (formerly codified at TEX. CIV. PRAC. & REM. CODE § 41.001(6) (defining "malice")).

Had the 74th Legislature wanted to require "actual, subjective awareness" as a predicate to Chapter 95 liability, it could have; instead, it used that phrase in Chapter 41, and a different phrase, "actual knowledge," in Chapter 95. There is no reason for the Legislature to have used different terminology if it meant to signify the same state of mind. "Actual, subjective awareness" is thus different from "actual knowledge."

Case law suggests a hierarchy of different modes of "actual" possession of knowledge:

1. "**Actual notice**" seems to require some level of awareness of a legally operative fact by the actor, and is defined in opposition to "constructive notice." "Constructive notice" is a legal inference and arises only by operation of law—for instance, when a deed is recorded, the public at large has "constructive notice" of its existence, or when a registered agent is served with process, the principal has "constructive notice" of a lawsuit.

2. "**Actual knowledge**" can be express, which is closer to a true state of mind, and requires some level of scienter on the part of the actor. It can also be implied, so that a negligent tortfeasor is not excused from negligently (or intentionally) perpetuating a state of ignorance of hazardous conditions or activities. Unlike "constructive notice," which operates automatically, or "constructive knowledge," which has been defined as "knowledge that a person, after reasonable inspection, ought to have or has reason to have," *Williams v. Canpro Invs., Ltd.*, No. 14-11-00816-CV, 2012 WL 3052956, at *3 (Tex. App.—Houston [14th Dist.] July 26, 2012, no pet.) (mem. op.), implied actual knowledge occurs only in the event of some misfeasance, and is an inference of fact, not of law.

3. **"Actual, subjective awareness"** is the most specific category, and the hardest to prove. It requires evidence of the actor's subjective state of mind.

Equating the statute's requirement of "actual knowledge" to "actual, subjective awareness," and wholly disregarding the significance of negligent ignorance leads to an absurd result: A premises owner's negligence in failing to perform, say, appropriate inspections is excused by its negligence in failing to perform appropriate air monitoring. Texas courts should avoid that absurdity by recognizing, first, that the Legislature did not equate "actual knowledge" with "actual, subjective awareness." That much is apparent from a comparison of the 74th Legislature's enactments in Chapter 95 with those in Chapter 41.

Second, Texas courts should recognize that under Texas common law, "actual knowledge" included implied actual knowledge, which means that a defendant cannot escape liability if its lack of actual knowledge is caused by its own negligent ignorance. *Welborn Mortg. Corp. v. Knowles*, 851 S.W.2d 328, 331 (Tex. App.—Dallas 1993, writ denied) ("Where there is a duty of finding out and knowing,[2] negligent ignorance ha[d] the same effect in law as actual knowledge."). Properly defined, actual knowledge embraces those things that can be determined by exercising the means at hand. *Portman v. Earnhart*, 343 S.W.2d 294, 297 (Tex. Civ. App.—Dallas 1960, writ ref'd n.r.e.). Actual knowledge in a legal sense exists ". . . where the means are at hand, which if pursued by proper inquiry the full truth

---

[2] Such as the duty to perform continuous air monitoring, as required by INEOS's safety manual.

might have been ascertained . . . . **[N]egligent ignorance has the same effect in law as actual knowledge.**" *Hexter v.Pratt*, 10 S.W.2d 692, 693 (Tex. Comm'n App. 1928, judgm't affirmed) (emphasis added); *see Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 388 (Tex. 1965) ("Means of knowledge with the duty of using them are in equity equivalent to knowledge itself." (quoting *Hexter*, 10 S.W.2d at 693)).

Such was the state of Texas common law in 1995, when Chapter 95 was enacted (and Chapter 41 was amended). The Legislature acted with knowledge of that common law rule. *See Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999). That common-law rule has never been abrogated or changed. Texas courts' current misprision of the term "actual knowledge" allows no inquiry into *why* a premises owner is unaware of a particular hazard; if this persists, premises owners will be able to avoid liability for their negligent acts by remaining negligently or willfully ignorant. This policy incentive is, at best, perverse. In other contexts, willful ignorance is equated with bad faith. *See Assoc. Indem. Corp. v. CAT Contracting Inc.*, 964 S.W.2d 276, 285 (1998). Under current Texas law, bad faith ignorance would be excused, because premises owners would now have the economic incentive to remain ignorant of the hazards on their premises, no matter how dangerous. Sound public policy requires the legislatively-chosen term to be defined as it was in common law in 1995.

Peter Kelly
Justice


Panel consists of Justices Kelly, Goodman, and Rivas-Molloy.

Justice Kelly, concurring.